IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRAD LEE HANDLY,

                                    Plaintiff,

          v.

WISCONSIN CENTRAL LTD.,

                                    Defendant.

OPINION and ORDER

25-cv-351-jdp

---

Plaintiff Brad Lee Handly worked as a locomotive engineer for defendant Wisconsin Central Ltd., which transports freight in Wisconsin under the business name Canadian National Railway Company. In February 2024, while Handly was walking up the catwalk steps on Canadian National's locomotive, Handly fell off the locomotive and onto the ground. Handly alleges that Canadian National failed to ensure that its catwalk steps provided safe footing and failed to adequately illuminate the steps. Handly brings claims against Canadian National under the Federal Employers' Liability Act (FELA) and the Locomotive Inspection Act (LIA), which "together provide redress for injured railroad workers." *LeDure v. Union Pac. R.R. Co.*, 962 F.3d 907, 910 (7th Cir. 2020).

Handly moves for partial summary judgment on the issue of whether Canadian National violated the LIA. Dkt. 18. The court will deny Handly's motion because, construing all facts and drawing all reasonable inferences in favor of Canadian National, a reasonable jury could find that the stairwell light, retroreflective material of the catwalk steps, and the tread of the catwalk steps on Canadian National's locomotive did not endanger Handly or present an unnecessary risk to his life or limb.

BACKGROUND

The court draws the following facts from the parties' proposed findings of fact. These facts are undisputed.

The following events took place at a rail facility for non-party Ashley Furniture, where one of Canadian National's locomotives was stationed. At the time, the locomotive was coupled to a series of train cars for transporting freight, which is a formation known as a "consist." The consist included units that an engineer could use to operate the consist, monitor its systems, and control its movement. These units are known as operating cabs or operating ends.

Around midnight on February 28, 2024, plaintiff Brad Lee Handly was changing ends of the consist, which the court understands to mean that he was changing one operating end of the consist to the opposite end to prepare for travel in the opposite direction. To change operating ends, Handly had to use a walkway on the locomotive's exterior known as a catwalk, which ran along the long side of Canada National's locomotive. Towards the end of the catwalk were two steps, which Handly had to climb. As Handly climbed the steps, he fell off the locomotive to the ground, a distance of about eight feet. Handly suffered a traumatic brain injury in the fall.

The court will discuss additional facts as they become relevant to the analysis.

ANALYSIS

Under the LIA, railroad carriers may use locomotives only if they and their "parts and appurtenances" are "in proper condition and safe to operate without unnecessary danger of personal injury." 49 U.S.C. § 20701(1). Railroad carriers violate the LIA when they (1) breach their statutory duty to maintain their locomotive and its parts and appurtenances to avoid

2

unnecessary danger of personal injury; or (2) violate a regulation promulgated by the Federal Railroad Administration. *McGinn v. Burlington N. R.R. Co.*, 102 F.3d 295, 299 (7th Cir. 1996).

Handly asserts that Canadian National violated the LIA by failing to maintain three pieces of equipment related to the locomotive's catwalk steps: (1) a stairwell light; (2) retroreflective material; and (3) the tread of the steps. Canadian National objects to Handly's characterization of this equipment as "defective." But it does not dispute that the stairwell light was not illuminated at the time of Handly's fall, that portions of the retroreflective material on the steps were missing, or that the steps had worn-off paint and exposed metal. *See* Dkt. 30, ¶¶ 14–31.

Handly contends that, given these conditions, Canadian National violated two Federal Railroad Administration regulations, 49 C.F.R. § 229.45 and § 229.7.[1] Under § 229.45, "[a]ll systems and conditions on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train." One of the pertinent conditions under the regulation is the "improper functioning of components, including slack adjusters, pantograph operating cylinders, circuit breakers, contactors, relays, switches, and fuses." 49 C.F.R. § 229.45. Under § 229.7(a)(1), the "entire locomotive and its appurtenances" must be "in proper condition and safe to operate in the service to which they are put, without unnecessarily peril to life or limb." The term "appurtenances" encompasses "whatever in fact is an integral or

---

[1] Both sides assume that the Federal Railroad Administration's regulations remain binding, even after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) limited the deference that courts may give agency interpretations of statutes, 603 U.S. at 394–96. The LIA gives the Secretary of Transportation the authority to implement the Act, 49 U.S.C. § 20701(2), and the Federal Railroad Administration is part of the Department of Transportation, so it appears that deference is still appropriate. In any event, no party raises the issue, so the court need not decide it now.

essential part of a completed locomotive," and any parts or attachments regulated by the Federal Railroad Administration. *S. Ry. Co. v. Lunsford*, 297 U.S. 398, 402 (1936). The parties agree for purposes of Handly's motion that the stairwell light, retroreflective material, and tread of the catwalk steps are "appurtenances" under § 229.7. *See* Dkt. 29, at 6.

The question is therefore whether Handly is entitled to summary judgment on the issue of whether Canadian National violated the LIA because the stairwell light, retroreflective material, and tread of the catwalk steps endangered the safety of the crew or presented unnecessary peril to life or limb. Summary judgment is appropriate when there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether Handly is entitled to summary judgment, the court construes all facts and draws all reasonable inferences in favor of Canadian National. *Lewis v. Ind. Dep't of Transp.*, 173 F.4th 876, 882 (7th Cir. 2026).

To support his motion for summary judgment, Handly cites testimony from depositions by three of Canadian National's employees. During their depositions, the employees were asked about whether the pieces of equipment at issue served safety purposes. As for the stairwell light, a superintendent for Canadian National, Wayne Bishop, testified that the light existed to help employees safely navigate the catwalk stairs. *See* Dkt. 24 (Bishop Dep. 73:6–18). An assistant superintendent for Canadian National, Craig Lancour, testified that a light source at the stairwell would "maybe" be helpful to navigate the stairs. Dkt. 26 (Lancour Dep. 42:22). When asked whether the stairwell light should be working properly, a transportation manager for Canadian National, David Birenbaum, testified: "Ideally I guess I would say yes." Dkt. 27 (Birenbaum Dep. 62:15). As for the retroreflective material on the steps, when asked whether the tape should be in a safe and proper condition, Birenbaum testified: "Ideally I would

4

say yes." *Id.* at 62:25. And as for the tread of the catwalk steps, Lancour testified that the exposed metal could create a slippery condition given that employees wore metal-spiked work boots. *See* Dkt. 28 (Lancour Dep. 84:17–21). This testimony could support a reasonable inference that the stairwell light, retroreflective material, and tread of the catwalk steps made it safer to ascend those steps. But the testimony is not sufficient for the court to conclude that as a matter of law Canadian National's locomotive endangered Handly's safety or presented unnecessary peril to his life or limb. That is a question for the jury at trial.

In any event, a reasonable jury could find for Canadian National based on the video recordings of Handly's fall. To support his motion for summary judgment, Handly submits a video recording depicting his fall from the locomotive, Dkt. 21, Ex. 5, and a zoomed-in version of the same recording, Ex. 6. The recordings are not of a very good quality, but they show Handly walking alongside Canada National's locomotive, attempting to ascend steps, and then falling over the locomotive's railing and onto the ground. The recordings also indicate that Handly was not changing operating ends of the consist in pitch-black conditions; instead, the area surrounding the consist was illuminated by lights on a nearby building, presumably the rail facility. A reasonable jury watching these recordings could find that the stairwell light, retroreflective material, and tread of the catwalk steps did not endanger Handly or present an unnecessary peril to him because the steps were sufficiently lit by Handly's surroundings.

One final point. Handly also contends that the tread of the catwalk steps violated 49 C.F.R. § 229.119(c), which requires that the "[f]loors of cabs, passageways, and compartments . . . . be properly treated to provide secure footing." Cabs, passageways, and compartments are all located in the interior areas of a locomotive. *Coleman v. Norfolk S. Ry. Co.*, 304 F. Supp. 3d 648, 655 (E.D. Ky. 2018); *see McGinn*, 102 F.3d at 299 ("We recall that

49 C.F.R. § 229.119(c) imposes liability for failure to repair objects of which the engine cab is *comprised*, such as protruding floor boards or bolts that may create a tripping hazard."). It is not plausible that § 229.119(c) applies to exterior areas of Canadian National's locomotive, such as its catwalk steps. *See Gilliam v. Norfolk S. Ry. Co.*, No. 1:18-cv-700, 2020 WL 7769811, at *12–15 (S.D. Ohio Dec. 30, 2020). In any event, even if the term "passageways" could be read to include a catwalk on the exterior of a locomotive, road-switcher-type locomotives like Canadian National's locomotive do not have "passageways." Motive Power and Equipment Compliance Manual, Fed. R.R. Admin. 8-41 (April 2026) ("There are no passageways on the road-switcher type of locomotives; these are found on the car body type locomotives where people walk inside, and illumination is important.").

The court will deny Handly's motion for partial summary judgment on the issue of whether Canadian National violated the Locomotive Inspection Act.

ORDER

IT IS ORDERED that plaintiff Brad Lee Handly's motion for partial summary judgment, Dkt. 18, is DENIED.

Entered July 31, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

6